UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
KOFFI M. GBIKPI,                            )
                                            )
                Plaintiff,             )
                                            )
      v.                                   )    Civil Action No. 14-1494 (RDM)
                                            )
U.S. ATTORNEY GENERAL, *et al.*,            )
                                            )
                Defendants.            )
_____ )

## MEMORANDUM OPINION

Before the Court is Defendants' Motion to Reconsider the Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis. Defendants urge the Court to hold that Plaintiff Koffi M. Gbikpi may not proceed in this matter *in forma pauperis* ("IFP"), either because he is barred by the so-called "three-strikes" provision of the Prison Litigation Reform Act ("PLRA") or as an exercise of the court's discretion. For the reasons set forth below, Defendants' motion is DENIED. However, for the further reasons discussed below, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

Leave to file in forma pauperis is "a privilege granted in the court's discretion." *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1036 (D.C. Cir. 2000). The PLRA, however, limits the court's discretion to allow prisoners with histories of initiating frivolous litigation to proceed *in forma pauperis*. It provides that a prisoner generally may not "bring a civil action" IFP if "on 3 or more prior occasions, while incarcerated or detained," the prisoner filed cases that were

dismissed as "frivolous, malicious, or fail[ing] to state a claim."[1] 28 U.S.C. § 1915; *see Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 435-436 (D.C. Cir. 2007) (describing 28 U.S.C. § 1915 as the "three strikes" provision). The Court of Appeals has explained that a dismissal qualifies as a PLRA strike under the frivolous prong when it is "based on the utter lack of merit" of the action, and under the malicious prong when the action was filed "'with the intention or desire to harm another.'" *Butler v. Dep't of Justice*, 492 F.3d 440, 443 (D.C. Cir. 2007) (quoting *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007)). Defendants bear the burden to produce evidence that a particular dismissal was based on one of the enumerated grounds. *See Thompson*, 492 F.3d at 435-36. In addition to evidence proffered by Defendants, this Court also must review evidence that is "readily available" to ascertain whether a plaintiff has three strikes. *Id.* at 436. Accordingly, the Court has searched PACER for cases in which Mr. Gbikpi is a litigant and reviewed each to determine whether it constitutes a "strike" under the PLRA.

Although the government identifies three actions that it argues are "strikes," a PACER search of Mr. Gbikpi's name identifies eight actions that he filed before this case. Only two of those actions, however, had been dismissed by the time Mr. Gbikpi brought this action and the Court granted his motion to proceed IFP. By its plain terms, the PLRA bars plaintiffs only from "*bring*[ing] a civil action *in forma pauperis*" if on three or more "*prior* occasions" the plaintiff brought an action that "*was* dismissed" on enumerated grounds. 28 U.S.C. § 1915 (emphasis added). It does not require courts to strip plaintiffs of IFP status mid-stream in ongoing litigation whenever other cases that the plaintiff is simultaneously litigating are dismissed on enumerated

---

[1] The "three strikes" rule does not apply where "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Gbikpi does not allege facts suggesting that this exception applies here.

grounds.[2]  Accordingly, only the two actions that were dismissed before Plaintiff brought the instant actions are potential "strikes" under the PLRA.

The first of Mr. Gbikpi's two prior dismissals is not a strike, both because there is no indication that Mr. Gbikpi was "imprisoned or detained" when he filed it, as required by 28 U.S.C. § 1915, and because it was dismissed because Mr. Gbikpi failed to pay the filing fee, not for one of the grounds enumerated in the PLRA.[3]  In Mr. Gbikpi's second action, however, the court held that it lacked personal jurisdiction over the defendant and explicitly noted that the complaint was "unquestionably frivolous."[4]  Although the court's observation that the complaint was frivolous was apparently dicta in light of the court's holding that it lacked personal jurisdiction, for present purposes, the court will treat this dismissal as Mr. Gbikpi's first strike. *See Thompson*, 492 F.3d at 440 ("Dismissals for lack of jurisdiction do not count as strikes *unless the court expressly states that the action or appeal was frivolous or malicious*.") (emphasis added).

Two other actions that Mr. Gbikpi filed before the instant case have been dismissed in the four months since he was granted leave to proceed IFP.  Their timing aside, these dismissals are not PLRA strikes for the additional reason that the cases were dismissed as duplicative, rather

---

[2] Although only prior dismissals are "strikes" that give rise to mandatory denial of IFP privileges under the PLRA, that does not mean that the Court must ignore a plaintiff's subsequent litigation history in determining whether to grant IFP privileges.  As discussed below, subsequent events may still appropriately factor into the Court's discretionary inquiry into whether a litigant has a history of abusing IFP privileges and should be precluded from proceeding IFP on that basis.

[3] *Gbikpi v. United States*, No. 8:11-mc-00022-T-30TGW, ECF No. 3 (M.D. Fla. Feb. 28, 2011).

[4] *Gbikpi v. United States*, No. 8:14-cv-01445-T-23TGW, ECF No. 3 (M.D. Fla. June 23, 2014).

than on a ground enumerated in 28 U.S.C.A. § 1915.[5]  The Court does not doubt that duplicative complaints may qualify as PLRA strikes where there is evidence that the complaints were deemed frivolous or filed in bad faith.  Here, however, defendants have put forward no such evidence.  Rather, Mr. Gbikpi's duplicative actions appear to be the result of his pattern of mailing a second pro se complaint to the court a few days after mailing the first, before the court has acted on (or even filed) the first.  The duplicative actions thus seem to be akin to procedural errors, rather than genuine attempts to initiate multiple litigations.  *See, e.g.*, *Gbikpi v. FDA Commissioner*, No. 14-cv-07156 (S.D.N.Y.), ECF No. 4 (noting "the Court's belief that Plaintiff may have submitted this duplicate complaint in error").  Because Defendants have not adduced evidence that any of these actions were dismissed on grounds enumerated in 28 U.S.C. § 1915, they do not qualify as strikes under the PLRA.

Four of Mr. Gbikpi's prior actions are still pending and, accordingly, are not strikes.[6]  Defendants filed their motion for reconsideration shortly after a complaint in one of those actions

---

[5] *Gbikpi v. IRS Comm'r*, No. 8:14-cv-01827-T-27AEP, ECF No. 3 (M.D. Fla. July 31, 2014); *Gbikpi v. FDA Commisioner et al*, 1:14-cv-7156-LAP ECF  No. 4 (S.D.N.Y. Sept. 15, 2014).

[6] In one, Mr. Gbikpi informed the court that he would be moving and requested that it take no action until he notified the court of his updated address.[6]  To date, he has not done so.  Even if that action is ultimately dismissed for failure to prosecute, such a dismissal would not constitute a strike absent additional evidence that the court also determined that the case was frivolous or malicious.  *See Butler v. Dep't of Justice*, 492 F.3d 440, 443 (D.C. Cir. 2007) (holding that dismissals for failure to prosecute are not PLRA strikes).  In another, Mr. Gbikpi filed his complaint in the Southern District of New York, which concluded that venue was improper and transferred the action to the Eastern District of North Carolina.  *Gbikpi v. FDA Commissioner et al*, 1:14-cv-06565-LAP, ECF No. 3 (S.D.N.Y. Sept. 11, 2014).  That action remains pending in the Eastern District of North Carolina.  *Gbikpi v. FDA Commissioner et al.*, ECF No. 4 5:14-ct-03239-FL (E.D.N.C. Sept. 15, 2014).  In the other two pending actions, Mr. Gbikpi has filed amended complaints.  *Gbikpi v. I.R.S. Commissioner*, 8:14-cv-01761-CEH-MAP, ECF No. 13 (M.D. Fla. Jan. 23, 2015); *Gbikpi v. FNU Whealan*, 8:14-cv-01447-CEH-MAP, ECF No. 21 (M.D. Fla. Jan. 7, 2014).

was dismissed without prejudice and urge the Court to consider that dismissal a strike. Mr. Gbikpi, however, has since filed an amended complaint in that case. The law in this Circuit is clear that "Section 1915(g) applies only to final dismissals" and that dismissals "do not count as strikes until an appeal has been either waived or resolved." *Thompson*, 492 F.3d at 440.[7] Because these actions remain pending, they do not qualify as strikes under the statute. In short, as far as the Court has been able to determine, Mr. Gbikpi has at most one strike. The "three strikes" provision, accordingly, does not bar him from proceeding IFP.

Even though the three-strikes provision does not preclude Mr. Gbikpi from proceeding IFP, the Court may still exercise its discretion to deny him IFP privileges if Mr. Gbikpi has a history of abusing those privileges, taking into account "the number, content, frequency, and disposition" of his filings. *Butler*, 492 F.3d at 446. Whether Mr. Gbikpi's litigation history warrants denial of IFP privileges is a close call. On one hand, including this case, Mr. Gbikpi filed six substantively different lawsuits and three additional duplicative complaints from June to September 2014.[8] He thus undoubtedly engaged in an unusual amount of litigation over a short

---

[7] The question of when a dismissal becomes a "strike" is currently pending before the Supreme Court. *See Coleman-Bey v. Tollefson*, 733 F.3d 175 (2013), *cert. granted*, 135 S.Ct. 43 (Oct. 2, 2014). Regardless of how the Court decides that question, none of these dismissals qualifies as a "strike" because none had been dismissed at the time that Mr. Gbikpi filed his complaint in the instant action.

[8] To determine whether Mr. Gbikpi has a pattern of abusing IFP privileges, the Court has reviewed all of the PACER entries identifying Mr. Gbikpi as Plaintiff, including entries for actions that were filed after this one. As previously noted, Mr. Gbikpi filed eight actions before this one, including one action that was filed in 2011 and seven that were filed from June to September of 2014. Shortly after filing the instant action, Mr. Gbikpi filed an identical complaint in this court, discussed below. *Gbikpi v. United States Attorney General*, No. 1:14-cv-1564 UNA (D.D.C. Sept. 15, 2014). Although PACER also identifies Mr. Gbikpi as the plaintiff in another action that was filed after this case, that is the action pending in the Eastern District of North Carolina that was transferred from the Southern District of New York, discussed *supra* at n.6. *Gbikpi v. FDA Commissioner et al.*, ECF No. 4 5:14-ct-03239-FL (E.D.N.C. Sept. 15, 2014). Thus, although PACER identifies Mr. Gbikpi as the plaintiff in eleven actions, including

period of time, some of which was likely wasteful of judicial resources. On the other hand, prior to June of 2014, Mr. Gbikpi filed only one lawsuit, and he has not initiated new civil litigation since September 15, 2014. A number of these lawsuits, moreover, are predicated on different factual allegations.

This case presents an unusually close question because shortly after Mr. Gbikpi filed the instant action, he filed an identical complaint with this Court, which was separately dismissed.[9] The question whether Mr. Gbikpi's complaint should be dismissed as duplicative or otherwise, however, is distinct from the question of whether he is an abusive filer whose IFP privileges should be revoked. On balance, even accounting for the duplicative complaints in this action, the Court concludes that this record does not demonstrate that filing lawsuits is a mere "pastime" for Mr. Gbikpi or that he has "abuse[d] the IFP privilege." *Butler*, 482 F.3d at 447; *compare Butler*, 482 F.3d at 446-447 (denying IFP status to plaintiff who had filed ten appeals and at least fifteen cases, all of which were FOIA actions and many of which "appear to be seeking the same documents"), *and Mitchell v. Federal Bureau of Prisons*, 587 F.3d 415, 417 (D.C. Cir. 2009) (denying IFP status to plaintiff who had filed "at least sixty-five unsuccessful lawsuits and appeals in the federal courts"), with *Thompson*, 492 F.3d at 439 (holding that litigation histories of plaintiffs who filed six actions over nine years or three actions during one year were "substantially short" of justifying discretionary denial of IFP privileges). Accordingly, the Court declines to exercise its discretion to withdraw Mr. Gbikpi's IFP privileges.

---

this one, Mr. Gbikpi filed just ten complaints, nine of which he filed between June and September of 2015. Taking into account Mr. Gbikpi's duplicative complaints, those nine complaints amount to just six substantively distinct lawsuits.

[9] *See Gbikpi v. United States Attorney General*, No. 1:14-cv-1564 UNA (D.D.C. Sept. 15, 2014).

Even though Mr. Gbikpi is entitled to proceed IFP, the Court concludes that the complaint should be dismissed. The PLRA provides that "the court shall dismiss [a] case at any time if the court determines that" the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Here, Mr. Gbikpi sues the United States Attorney General and the United States Department of Justice. He alleges that he was civilly committed pursuant to 18 U.S.C. § 4241 and that during his commitment he was hospitalized in a Federal Medical Center run by the Bureau of Prisons. Mr. Gbikpi further alleges that the Federal Medical Facility is not a "suitable facility" for purposes of 18 U.S.C. § 4241 and that his commitment there violated the Due Process and Equal Protection clauses of the United States Constitution, exposed him to violent offenders, and damaged his reputation. He seeks $20,000,000 in compensatory damages from the Department of Justice and the Attorney General.

To the extent that Mr. Gbikpi brings suit against the Attorney General in his official capacity and the Department of Justice, the suit is effectively a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Sovereign immunity bars claims for money damages against the Federal Government in the absence of a waiver that is "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Although the Federal Torts Claims Act provides a limited waiver of sovereign immunity, that waiver extends only to actions for property loss or personal injury "caused by the negligent or wrongful act or omission of any employee of the government … under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346. The United States has not waived its immunity for constitutional violations, *see FDIC v. Meyer*, 510 U.S.

471, 477-78 (1994), or statutory violations, *see Hornbeck Offshore Transp., LLC v. U.S.*, 568 F.3d 506, 508, 509 (D.C. Cir. 2009), like those that Mr. Gbikpi alleges here.[10]

Even if the complaint is liberally construed to allege a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against the Attorney General in his individual capacity, it fails to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To state a *Bivens* claim, a plaintiff "must at least allege that the defendant federal official was personally involved in the illegal conduct." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997). Mr. Gbikpi does not allege that the Attorney General was personally involved in his commitment or placement at the Federal Medical Center. Accordingly, his complaint must be dismissed.

For the reasons set forth above, it is hereby ORDERED that the Defendants' Motion for Reconsideration of the Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, Dkt. 10, is DENIED, and it is further ORDERED that the complaint is DISMISSED. Defendants' Motion for Extension of Time, Dkt. 11, is DENIED as moot.

It is **SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 3, 2015

---

[10] Although the Federal Government has waived its sovereign immunity with respect to many suits against agencies and officials for "relief other than money damages," *see* 5 U.S.C. § 702, that waiver of sovereign immunity does not extend to this case because Mr. Gbikpi seeks only monetary relief.